UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TJIAP HOK JOENG,

|  |  |
|---|---|
| Plaintiff, | Civil Case No.:<br>07-CV-9734 (LAK)(GWG) |
| v. |  |
| MARRIOTT INTERNATIONAL, INC. | ANSWER WITH SEPARATE<br>DEFENSES |
| Defendant. |  |

-------------------------------------------------------------------x

Defendant, MARRIOTT HOTEL SERVICES, INC. (improperly plead as Marriott International, Inc.), by its attorneys, Norris, McLaughlin & Marcus, PA, for its Answer to Plaintiff's Complaint, states as follows:

1.      Defendant denies the allegations contained on Page 1 of Plaintiff's Complaint that Plaintiff was subject to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964.

2.      Defendant denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I(A) of Plaintiff's Complaint.

3.      Defendant denies the allegations contained in Section I(B) of Plaintiff's Complaint as Plaintiff's correct employer is Marriott Hotel Services, Inc.

4.      Defendant admits the allegations contained in Section 1(C) of Plaintiff's Complaint.

5.      Defendant denies each and every allegation contained in Section II(A) of Plaintiff's Complaint that Plaintiff was subject to unlawful discrimination.

6.      Defendant denies each and every allegation contained in Section II(B) of Plaintiff's Complaint.

7.      Defendant denies each and every allegation contained in Section II(C) of Plaintiff's Complaint.

8.      Defendant denies each and every allegation contained in Section II(D) of Plaintiff's Complaint.

9.      Defendant denies the allegations contained in Section II(E) of Plaintiff's Complaint except to admit that Plaintiff was not placed on the overtime schedule on March 29, 2006. Defendant further denies any inference raised by the allegations contained in Section II(E) that Defendant's act of not providing Plaintiff with overtime was unlawful.

10.     Defendant denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section III(A) of Plaintiff's Complaint.

11.     Defendant denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section III(B) of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in Section IV of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses in response to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of *res judicata,* collateral estoppel and/or election of remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff was not subject to actionable adverse employment actions that are related to any alleged protected characteristic.

## FOURTH AFFIRMATIVE DEFENSE

All employment actions taken in this matter were based upon legitimate, non-discriminatory reasons. Plaintiff's alleged protected characteristic(s) was not a factor in any employment actions taken by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination under Title VII of the Civil Rights Act of 1964 as Plaintiff cannot show that Defendant treated any similarly situated employees of a different characteristic more favorably than Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim that he was denied overtime on the basis of his race and/or national origin must fail as Defendant's distribution of overtime complied with the Defendant's policies.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's harassment claim must fail as Plaintiff does not allege facts to show that he was subject to severe and pervasive harassment as a result of his race and/or natural origin.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant has established and complied with policies, programs and procedures that prevent and detect alleged discriminatory behavior and otherwise complied with all legal requirements in handling such matters.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint of transferring individuals to another position as Title VII of the Civil Rights Act of 1964 does not authorize the court to grant such relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant exercised reasonable care and diligence to prevent discriminatory behavior, as well as investigating and taking prompt and appropriate remedial action upon notice of any alleged discriminatory, retaliatory or harassing behavior.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff named the wrong employer entity and the proper employer is Marriott Hotel Services, Inc.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is required to file a charge with the Equal Employment Opportunity Commission (EEOC) within three hundred (300) days of the accrual of the cause of action.  Defendant cannot ascertain the exact date when Plaintiff filed the underlying charge with the EEOC and, therefore, asserts that the Complaint as it relates to Title VII is time barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert all defenses which may be pertinent to the Complaint once the precise nature of such Complaint is ascertained through discovery.

**WHEREFORE**, Defendant demands judgment in its favor dismissing the Complaint with prejudice, together with attorneys' fees, costs, and all other relief, legal and equitable, to which it is entitled.

NORRIS, McLAUGHLIN & MARCUS, PA

Dated:   December 17, 2007            /s/ Melissa A. Peña
                                      Melissa A. Peña (MP3320)
                                      875 Third Avenue, 18th Floor
                                      New York, New York 10022
                                      Telephone:  (908) 722-0700

4

To:
Tjiap Hok Joeng
Plaintiff *Pro Se*
89-10 Whitney Avenue, #6K
Elmhurst, New York 11373